# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STRATEGIC LEGAL PRACTICES
A PROFESSIONAL CORPORATION
Tionna Carvalho (SBN 299010)
Sanam Vaziri (SBN 177384)
(emailservices@slpattorney.com)
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 929-4900
Facsimile: (310) 943-3838

Attorneys for Plaintiff,
RONALD KNARR

**ELECTRONICALLY FILED**
Superior Court of California,
County of Solano
**09/03/2024 at 04:50:29 PM**
By: S. McClure, Deputy Clerk

$435

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SOLANO

| | |
|---|---|
| RONALD KNARR,<br><br>Plaintiff,<br><br>vs.<br><br>FCA US, LLC.; and DOES 1 through 10, inclusive, <br><br>Defendants. | Case No.: CU24-06730<br><br>Hon.<br>Dept.<br><br>**COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS**<br><br>JURY TRIAL DEMANDED |

COMPLAINT; JURY TRIAL DEMANDED

Electronically Submitted on 09/03/2024 04:50 PM

STRATEGIC LEGAL PRACTICES, APC
1888 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

Plaintiff alleges as follows:

**PARTIES**

1.     As used in this Complaint, the word "Plaintiff" shall refer to Plaintiff RONALD KNARR.

2.     Plaintiff is a resident of Solano County, California.

3.     As used in this Complaint, the word "Defendants" shall refer to all Defendants named in this Complaint.

4.     Defendant FCA US, LLC, ("Defendant FCA") is a corporation organized and in existence under the laws of the State of Delaware and registered with the California Department of Corporations to conduct business in California. At all times relevant herein, Defendant was engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and other motor vehicles and motor vehicle components in Solano County, California.

5.     Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 10. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and capacities of the Defendants sued as DOES 1 to 10, Plaintiff will amend this Complaint to state their true names and capacities.

**FACTUAL BACKGROUND**

6.     On or about November 22, 2016, Plaintiff entered into a warranty contract with Defendant FCA regarding a 2016 Ram 1500, vehicle identification number 1C6RR6NM4GS243196 (hereafter "Vehicle"), which was manufactured and or distributed by Defendant FCA.

7.     The warranty contract contained various warranties, including but not limited to the bumper-bumper warranty, powertrain warranty, emission warranty, etc. A true and correct copy of the warranty contract is attached hereto as **Exhibit A**. The terms of the express warranty are described in **Exhibit A** and are incorporated herein. In addition to these warranties, Defendant FCA also provided Plaintiff with a California Emission Warranty,

STRATEGIC LEGAL PRACTICES, APC
1800 CENTURY PARK EAST, FLOOR 10, LOS ANGELES, CA 90067

1

1    which Plaintiff requests Defendant FCA produce as part of its discovery obligations in this

2    case.[1]

3        8.    Pursuant to the Song-Beverly Consumer Warranty Act (the "Act") Civil Code

4    sections 1790 et seq. the Subject Vehicle constitutes "consumer goods" used primarily for

5    family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

6    Plaintiff is a "buyer" of consumer goods under the Act. Defendant FCA is a "manufacturer"

7    and/or "distributor" under the Act.

8        9.    Plaintiff justifiably revokes acceptance of the Subject Vehicle under Civil Code,

9    section 1794, et seq. by filing this Complaint and/or did so prior to filing the instant Complaint.

10       10.   These causes of action arise out of the warranty obligations of FCA in

11   connection with a motor vehicle for which FCA issued a written warranty.

12       11.   Defects and nonconformities to warranty manifested themselves within the

13   applicable express warranty period, including but not limited to, stalling defects, EGR defects,

14   electrical defects; among other defects and non-conformities.

15       12.   Said defects/nonconformities substantially impair the use, value, or safety of

16   the Vehicle,

17       13.   The value of the Vehicle is worthless and/or *de minimis*.

18       14.   Plaintiff purchased the Subject Vehicle as manufactured with FCA's defective

19   Exhaust Gas Recirculation ("EGR") cooler.

20       15.   Plaintiff is informed, believes, and thereon alleges that FCA knew since prior

21   to Plaintiff purchasing the Subject Vehicle, that the 2016 Ram 1500 vehicles equipped with

22   the 3.0 liter engine have one or more defects in their EGR coolers that can result in thermal

23   fatigue, leading the coolers to crack over time and leak coolant, which can cause combustion

24   within the intake manifold and lead to a vehicle fire and sudden loss of power (the "EGR

25

26

27   _____

     [1] Upon information and belief, FCA deliberately refuses to include the terms of the California emissions
     warranties in its main express warranty booklet so that California consumers are kept in the dark when FCA fails
28   to comply with its warranty obligations under California's 7 years/70,000 miles emissions warranty, or other
     California emission warranties, including but not limited to, Low Emission Vehicles warranties (which have an
     even longer warranty term).

STRATEGIC LEGAL PRACTICES, APC
1880 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

1  Defect"). The EGR Defect can also cause burning of coolant which can damage the emission

2  control catalysts.[2]

3      16.    Thus, the EGR Defect is a safety concern because it can suddenly affect the

4  driver's ability to control the vehicle or cause a non-collision vehicle fire. Even more

5  troubling, the EGR Defect can cause the vehicle to fail without warning, while the Vehicle is

6  moving at highway speeds.

7      17.    Plaintiff is informed, believes, and thereon alleges that prior to Plaintiff

8  acquiring the Vehicle, FCA was well aware and knew that the Vehicle was defective but

9  failed to disclose this fact to Plaintiff at the time of sale and thereafter.

10      18.    Plaintiff is informed, believes, and thereon alleges that FCA acquired its

11  knowledge of the EGR Defect prior to Plaintiff acquiring the Vehicle, through sources not

12  available to consumers such as Plaintiff, including but not limited to pre-production and post-

13  production testing data; early consumer complaints about the EGR Defect made directly to

14  FCA and its network of dealers; aggregate warranty data compiled from FCA's network of

15  dealers; testing conducted by FCA in response to these complaints; as well as warranty repair

16  and part replacements data received by FCA from FCA's network of dealers, amongst other

17  sources of internal information.

18      19.    Plaintiff is informed, believes, and thereon alleges that while FCA knew about

19  the EGR Defect, and its safety risks since prior to Plaintiff purchasing the Subject Vehicle,

20  FCA nevertheless concealed and failed to disclose the defective nature of the Vehicle and its

21  EGR Defect to its sales representatives and Plaintiff at the time of sale and thereafter. FCA

22  omitted mention of the EGR Defect to its consumers.

23      20.    Plaintiff is a reasonable consumer who interacted with sales representatives,

24  considered FCA's advertisement, and/or other marketing materials concerning the FCA

25  Vehicles prior to purchasing the Subject Vehicle. Had FCA revealed the EGR Defect, Plaintiff

26  would have been aware of it and would not have purchased the Subject Vehicle.

27  

28      [2] FCA indicated in its Safety Recall Report provided to NHTSA that the EGR cooler is defective in 100% of vehicles as the defect lies in the cooler's propensity to crack. *See,* Part 573 Safety Recall Report for Recall 19V-757 (Oct. 31, 2019) at https://static.nhtsa.gov/odi/rcl/2019/RCLRPT-19V757-3602.PDF

STRATEGIC LEGAL PRACTICES, APC
1880 CENTURY PARK EAST, FLOOR 19 LOS ANGELES, CA 90067

**FCA Had Exclusive Knowledge of the EGR Defect**

21.     FCA had superior and exclusive knowledge of the EGR Defect and knew or should have known that the defect was not known to or reasonably discoverable by Plaintiff and before they purchased or leased the Subject Vehicle.

22.     Defendant knew or should have known, based on FCA's routine monitoring of complaints, that the 2016 Ram 1500 vehicles have a dangerous defect that adversely affects their drivability. Additionally, FCA knew or should have known about the EGR Defect through sources not available to consumers, including FCA's own aggregate pre-market data and other aggregate post-market data from FCA authorized dealers.

23.     Plaintiff would not have purchased the Subject Vehicle, or would have paid less for it, had Plaintiff known of the EGR Defect, given the unsafe nature of the EGR Defect. Furthermore, Plaintiff unknowingly exposed themself to the risk of accident, injury, and/or liability to others as a result of the nature or the EGR Defect which can lead to loss of power can suddenly affect the driver's ability to control the vehicle or cause a non-collision vehicle fire. Even more troubling, the EGR Defect can cause the vehicle to fail without warning, while the Vehicle is moving at highway speeds. Plaintiff is a reasonable consumer who expected the Subject Vehicle to be safe and free of defects, and that FCA would not sell or lease vehicles with known safety-related defects, such as the EGR Defect, and would disclose any such defects to its consumers when it learns of them.

24.     While it has been fully aware of the EGR Defect, FCA actively concealed the existence and nature of the alleged defect from Plaintiff at the time of purchase, repair, and thereafter.

25.     FCA was inundated with complaints regarding the EGR Defect but rather than repair the problem under warranty, FCA dealers either inform consumers that their vehicles are functioning properly or conduct repairs that merely mask the defect.

26.     Making matters worse, in October 2019, FCA issued Recall 19V-757 that told consumers that "the remedy for this condition is not currently available"but that the company was "making every effort to finalize the remedy as quickly as possible." Customers were told

STRATEGIC LEGAL PRACTICES, APC
1880 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

that they would be notified "when the remedy is available. Once you receive your follow-up notice, simply contact your … dealer right away to schedule a service appointment." However, as FCA knew at the time, but failed to disclose, the part it would identify as an "improved" "fix" was a part it was already installing in trucks, but was not an improvement or a fix.

27.    Moreover, the recall advised consumers in the interim to "monitor their coolant levels" and contact their dealers if the levels were "consistently low." This created the impression that consumer monitoring would be adequate to mitigate the danger, and that if a customer made a dealership aware of low coolant levels, then contacting the dealership would enable the customer to obtain some remedy. However, if consumers add coolant to their truck, over time, the existing water/glycol mixture can leak out if there is an EGR cooler crack, creating a situation in which the remaining coolant running through the system is not diluted, and is much more flammable. FCA failed to disclose that its instruction to monitor coolant levels might exacerbate the danger to consumers.

28.    FCA later updated the Recall to provide for a part replacement (part number 68483334AA, and later, part number CSNDVB11AB).

29.    FCA has still not fixed the EGR cooler that causes the symptoms associated with the EGR Defect.

30.    Under the Song-Beverly Act and/or the Magnuson-Moss Act, Defendant had an affirmative duty to promptly offer to repurchase or replace the Subject Vehicle at the time it failed to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts.[3]

---

[3] "A manufacturer's duty to repurchase a vehicle does not depend on a consumer's request, but instead arises as soon as the manufacturer fails to comply with the warranty within a reasonable time. (*Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal.App.4th 294, 301-302, 45 Cal.Rptr.2d 10.) Chrysler performed the bridge operation on Santana's vehicle in August 2014 with 30,262 miles on the odometer—within the three-year, 36,000 mile warranty. The internal e-mails demonstrating Chrysler's awareness of the safety risks inherent in the bridge operation were sent in September 2013, and thus Chrysler was well aware of the problem when it performed the bridge operation on Santana's vehicle. Thus, Chrysler's duty to repurchase or provide restitution arose prior to the expiration of the three-year, 36,000 mile warranty. Moreover, although we do not have the actual five-year, 100,000 mile power train warranty in our record, Santana's expert testified that the no-start/stalling issues Santana experienced were within the scope of the power train warranty, which was still active when Santana requested repurchase in approximately January 2016, at 44,467 miles. Thus the premise of Chrysler's argument—that Santana's request for repurchase was outside the relevant warranty—is not only

STRATEGIC LEGAL PRACTICES APC
1880 CENTURY PARK EAST, FLOOR 10, LOS ANGELES, CA 90067

STRATEGIC LEGAL PRACTICES, APC
1880 CENTURY PARK EAST, FLOOR 10, LOS ANGELES, CA 90067

31.     Defendant has failed to either promptly replace the Subject Vehicle or to promptly make restitution in accordance with the Song-Beverly Act and/or the Magnuson-Moss Act.

32.     Under the Song-Beverly Act and/or the Magnuson-Moss Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation to an authorized repair facility for a nonconformity.

33.     Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, et seq. Plaintiff is to rescission of the contract pursuant to Civil Code, section 1794, et seq.

34.     Plaintiff is entitled to recover any "cover" damages under Civil Code, section 1794, et seq.

35.     Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 et seq.

36.     Plaintiff suffered damages in a sum to be proven at trial in an amount that is not less than $35,001.00.

37.     Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendants' wrongful conduct alleged herein.

### TOLLING OF THE STATUTES OF LIMITATION

38.     To the extent there are any statutes of limitation applicable to Plaintiff's claims—including, without limitation, the express warranty, implied warranty, and negligent repair – the running of the limitation periods have been tolled by, *inter alia*, the following doctrines or rules: equitable tolling, the discovery rule, the fraudulent concealment rules, equitable estoppel, the repair rule, and/or class action tolling (e.g., *the American Pipe rule*).

39.     Plaintiff discovered Defendant's wrongful conduct alleged herein shortly before the filing of the complaint, as the Vehicle continued to exhibit symptoms of defects following

---

irrelevant, but wrong." *Santana v. FCA US, LLC*, 56 Cal. App. 5th 334, 270 Cal. Rptr. 3d 335 (2020).

COMPLAINT; JURY TRIAL DEMANDED

1  FCA's unsuccessful attempts to repair them. However, FCA failed to provide restitution pursuant
2  to the Song-Beverly Consumer Warranty Act.

3      40.    By filing this Complaint, Plaintiff hereby revokes acceptance of the Subject
4  Vehicle yet again.

## FIRST CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT FCA

## VIOLATION OF SUBDIVISION (D) OF CIVIL CODE SECTION 1793.2

8      41.    Plaintiff incorporates by reference the allegations contained in the paragraphs
9  set forth above.

10     42.    Defendant FCA and its representatives in this state have been unable to service
11 or repair the Vehicle to conform to the applicable express warranties after a reasonable
12 number of opportunities. Despite this fact, Defendant FCA failed to promptly replace the
13 Vehicle or make restitution to Plaintiff as required by Civil Code section 1793.2, subdivision
14 (d) and Civil Code section 1793.1, subdivision (a)(2).

15     43.    Plaintiff has been damaged by Defendant FCA's failure to comply with its
16 obligations pursuant to Civil Code section 1793.2, subdivision (d) and Civil Code section
17 1793.1, subdivision (a)(2), and therefore brings this cause of action pursuant to Civil Code
18 section 1794.

19     44.    Defendant FCA's failure to comply with its obligations under Civil Code
20 section 1793.2, subdivision (d) was willful, in that Defendant FCA and its representative were
21 aware that they were unable to service or repair the Vehicle to conform to the applicable
22 express warranties after a reasonable number of repair attempts, yet Defendant FCA failed and
23 refused to promptly replace the Vehicle or make restitution. Accordingly, Plaintiff is entitled
24 to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794,
25 subdivision (c).

26     45.    Defendant FCA does not maintain a qualified third-party dispute resolution
27 process which substantially complies with Civil Code section 1793.22. Accordingly, Plaintiff

28

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

COMPLAINT; JURY TRIAL DEMANDED

1   is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code

2   section 1794, subdivision (e).

3       46.    Plaintiff seeks civil penalties pursuant to Civil Code section 1794, subdivisions

4   (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in

5   Civil Code section 1794, subdivision (e).

## SECOND CAUSE OF ACTION

## BY PLAINTIFF AGAINST DEFENDANT FCA

## VIOLATION OF SUBDIVISION (B) OF CIVIL CODE SECTION 1793.2

9       47.    Plaintiff incorporates by reference the allegations contained in the paragraphs

10  set forth above.

11      48.    Although Plaintiff presented the Vehicle to Defendant FCA's representative in

12  this state, Defendant FCA and its representative failed to commence the service or repairs

13  within a reasonable time and failed to service or repair the Vehicle so as to conform to the

14  applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision

15  (b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

16      49.    Plaintiff has been damaged by Defendant FCA's failure to comply with its

17  obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of

18  Action pursuant to Civil Code section 1794.

19      50.    Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the

20  Vehicle, and has exercised a right to cancel the purchase. By serving this Complaint, Plaintiff

21  does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code

22  section 1794(b)(1), including the entire contract price. In the alternative, Plaintiff seeks the

23  remedies set forth in California Civil Code section 1794(b)(2), including the diminution in

24  value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the

25  Vehicle's value is *de minimis*.

26      51.    Defendant FCA's failure to comply with its obligations under Civil Code

27  section 1793.2(b) was willful, in that Defendant FCA and its representative were aware that

28  they were obligated to service or repair the Vehicle to conform to the applicable express

8

1  warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil

2  penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

### THIRD CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANT FCA

### VIOLATION OF SUBDIVISION (A)(3) OF CIVIL CODE SECTION 1793.2

6  52.  Plaintiff incorporates by reference the allegations contained in paragraphs set

7  forth above.

8  53.  In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant FCA

9  failed to make available to its authorized service and repair facilities sufficient service

10  literature and replacement parts to effect repairs during the express warranty period. Plaintiff

11  has been damaged by Defendant FCA's failure to comply with its obligations pursuant to Civil

12  Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code

13  section 1794.

14  54.  Defendant FCA's failure to comply with its obligations under Civil Code

15  section 1793.2, subdivision (a)(3) was willful, in that Defendant FCA knew of its obligation to

16  provide literature and replacement parts sufficient to allow its repair facilities to effect repairs

17  during the warranty period, yet Defendant FCA failed to take any action to correct its failure

18  to comply with the law. Accordingly, Plaintiff is entitled to a civil penalty of two times

19  Plaintiff's actual damages, pursuant to Civil Code section 1794(c).

### FOURTH CAUSE OF ACTION

### BY PLAINTIFF AGAINST DEFENDANT FCA

### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

### (CIV. CODE, § 1791.1; § 1794; § 1795.5)

24  55.  Plaintiff incorporates by reference the allegations contained in the paragraphs

25  set forth above.

26  56.  Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied

27  by Defendant FCA's implied warranty of merchantability. Pursuant to Civil Code section

28  1791.1, the duration of the implied warranty is coextensive in duration with the duration of the

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

1    express written warranty provided by Defendant FCA, except that the duration is not to

2    exceed one-year.

3        57.    Pursuant to Civil Code section 1791.1 (a), the implied warranty of

4    merchantability means and includes that the Vehicle will comply with each of the following

5    requirements: (1) The Vehicle will pass without objection in the trade under the contract

6    description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3)

7    The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to

8    the promises or affirmations of fact made on the container or label.

9        58.    The subject vehicle was sold with one or more latent defect(s) set forth above.

10   The existence of the said latent defect(s) constitutes a breach of the implied warranty because

11   the Vehicle (1) does not pass without objection in the trade under the contract description, (2)

12   is not fit for the ordinary purposes for which such goods are used, (3) is not adequately

13   contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of

14   fact made on the container or label.

15       59.    Plaintiff has been damaged by Defendant FCA's failure to comply with its

16   obligations under the implied warranty, and therefore brings this Cause of Action pursuant to

17   Civil Code section 1794.

18                        **FIFTH CAUSE OF ACTION**

19                     **BY PLAINTIFF AGAINST DEFENDANT**

20              **VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

21       60.    Plaintiff incorporates by reference the allegations contained in the paragraphs set

22   forth above.

23       61.    Plaintiff is a "consumer[s]" as defined in the Magnuson-Moss Warranty Act

24   (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

25       62.    Defendant is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15

26   U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

27       63.    The Vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C.

28   § 2301(1).

**COMPLAINT; JURY TRIAL DEMANDED**

64.     In addition to the express warranty, in connection with the sale of the Vehicle to Plaintiff, an implied warranty of merchantability was created under applicable state law remedies. The Vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the Vehicle; thus, any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

65.     Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the Vehicle.

66.     Plaintiff has also met all of Plaintiff's obligations and preconditions to bring this claim, or alternatively it would have been futile for Plaintiff to do so.

67.     In addition, Plaintiff has met all of Plaintiff's obligations for bringing this claim as provided in the written warranties, or alternatively, Defendant does not maintain an informal dispute resolution process for the purpose of resolving claims for breach of the implied warranty of merchantability; and does not maintain an informal dispute resolution process for resolving express warranty claims that complies with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

68.     As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

69.     Under the Act, Plaintiff is entitled to reimbursement of the entire amount paid or payable, or alternatively, a replacement vehicle and/or California lemon law remedies.[4]

70.     Plaintiff is entitled to all incidental, consequential, penalties, and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

---

[4] Federal courts throughout the country, including the Ninth Circuit, have recognized that Magnuson–Moss itself provides consumers with a substantive right of action for breach of express warranty, while looking to state law to determine the remedies available. See, e.g., *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1039 (9th Cir.2004).

STRATEGIC LEGAL PRACTICES, APC
1880 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

1    71.    Plaintiff has been damaged by Defendant's failure to comply with its obligations

2    under the express warranty, implied warranty, as well as any other violations alleged here, and

3    therefore brings this claim pursuant to 15 U.S.C. §2310(d) and seeks remedies under the

4    Magnuson Moss Act and/or applicable California lemon law remedies.

5    72.    Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a

6    sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably

7    incurred in connection with the commencement and prosecution of this action pursuant to 15

8    U.S.C. § 2310(d)(2).

9    ## SIXTH CAUSE OF ACTION

10    ## BY PLAINTIFF AGAINST DEFENDANT FCA

11    ### (Fraudulent Inducement - Concealment)

12    73.    Plaintiff incorporates by reference the allegations contained in the paragraphs

13    set forth above.

14    74.    FCA committed fraud by allowing the Subject Vehicle to be sold to Plaintiff

15    without disclosing that the Subject Vehicle and its EGR cooler were defective which may

16    result in thermal fatigue, leading the coolers to crack over time and leak coolant, which can

17    cause combustion within the intake manifold and lead to a vehicle fire and sudden loss of

18    power. It can suddenly affect the driver's ability to control the vehicle or cause a non-collision

19    vehicle fire. Even more troubling, the EGR Defect can cause the vehicle to fail without

20    warning, while the Vehicle is moving at highway speeds.

21    75.    Indeed, Plaintiff alleges that prior to the sale of the Subject Vehicle to Plaintiff,

22    FCA knew that the Vehicle and its EGR cooler suffered from an inherent defect, was

23    defective, would fail prematurely, and was not suitable for its intended use.

24    76.    FCA was under a duty to Plaintiff to disclose the defective nature of the

25    Vehicle and its EGR cooler, its safety consequences and/or the associated repair costs

26    because:

27    a. Plaintiff is informed, believes, and thereon alleges that FCA acquired

28    its knowledge of the EGR Defect and its potential consequences

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

prior to Plaintiff acquiring the Vehicle, through sources not available to consumers such as Plaintiff, including but not limited to pre-production testing data, early consumer complaints about the EGR Defect made directly to FCA and its network of dealers, aggregate warranty data compiled from FCA's network of dealers, testing conducted by FCA in response to these complaints, as well as warranty repair and part replacements data received by FCA from FCA's network of dealers, amongst other sources of internal information;

b. FCA was in a superior position from various internal sources to know (or should have known) the true state of facts about the material defects contained in vehicles equipped with the EGR cooler; and

c. Plaintiff could not reasonably have been expected to learn or discover of the Vehicle's EGR Defect and its potential consequences until well after Plaintiff purchased the Vehicle.

77.     In failing to disclose the defects in the Vehicle's EGR cooler, FCA has knowingly and intentionally concealed material facts and breached its duty not to do so.

78.     The facts concealed or not disclosed by FCA to Plaintiff are material in that a reasonable person would have considered them to be important in deciding whether or not to purchase the Vehicle. Had Plaintiff known that the Vehicle and its EGR cooler were defective at the time of sale, they would not have purchased the Vehicle.

79.     Plaintiff is a reasonable consumer who interacted with FCA's sales representatives and reviewed materials disseminated by FCA concerning FCA Vehicles prior to purchasing the Subject Vehicle. Had Defendant disclosed the EGR Defect, a safety hazard, to its sales representatives and/or the consumer public, Plaintiff would have been aware of it and would not have purchased the Subject Vehicle.

13

STRATEGIC LEGAL PRACTICES, APC
1880 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

STRATEGIC LEGAL PRACTICES, APC
1840 CENTURY PARK EAST, FLOOR 19, LOS ANGELES, CA 90067

80.    Plaintiff was harmed by purchasing a vehicle that Plaintiff would not have leased and/or purchased had Plaintiff known the true facts about the EGR Defect.

81.    Furthermore, Plaintiff unknowingly exposed themself to the risk of liability, accident and injury as a result of Defendant's fraudulent concealment of the EGR Defect.

## PRAYER

PLAINTIFF PRAYS for judgment against Defendant as follows:

      a.  For general, special, and actual damages according to proof;

      b.  For restitution;

      c.  For any consequential and incidental damages;

      d.  For diminution in value;

      e.  For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);

      f.  For punitive damages;

      g.  For prejudgment interest at the legal rate;

      h.  For applicable California lemon law remedies pursuant to the Magnuson-Moss Act[5] and/or 15 U.S.C. 2304(a)(4);

      i.  For costs of the suit and Plaintiff's reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d) and 15 U.S.C. section 2310(d) and/or any other statutory provision that allows for recovery of such attorney fees, costs and/or expenses; and

      j.  For such other relief as the Court may deem proper.

---

[5] *And see Brilliant v. Tiffin Motor Homes, Inc.,* No. C 09-04568 SI, 2010 WL 2721531, at *3 (N.D. Cal. July 7, 2010) ("Federal courts throughout the country, including the Ninth Circuit, have recognized that Magnuson–Moss itself provides consumers with a substantive right of action for breach of express warranty, while looking to state law to determine the remedies available. See, e.g., Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1039 (9th Cir.2004); MacKenzie, 607 F.2d at 1166–67; Gusse v. Damon Corp., 470 F.Supp.2d 1110, 1116–17 (C.D.Cal.2007); Romo v. FFG Insurance Company, 397 F.Supp.2d 1237, 1239 (C.D.Cal.2005); DeShazer v. Nat'l RV Holdings, Inc., 391 F.Supp.2d 791, 794 (D.Ariz.2005).)")

**COMPLAINT; JURY TRIAL DEMANDED**

1

**DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands a jury trial on all causes of action asserted herein.

3   Dated: August 29, 2024                    STRATEGIC LEGAL PRACTICES, APC

4

5                                    BY:
_____

6                                         TIONNA CARVALHO
                                          Attorneys for Plaintiff
7                                         RONALD KNARR

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT; JURY TRIAL DEMANDED**

# Exhibit A



# 2016

## WARRANTY INFORMATION-DIESEL

# RAM TRUCK
# 1500

# IMPORTANT

*This booklet contains FCA US LLC limited warranties. It should be kept in your vehicle and presented to your Dealer if any warranty service is needed.*

*The warranty text begins on page 4 of this booklet.*

**WARRANTY COVERAGE AT A GLANCE**

| DESCRIPTION | 1 Yr/ 12,000 | 2 Yr/ 24,000 | 3 Yr/ 36,000 | 3 Yr/ 50,000 | 3 Yr/ Unlimited | 5 Yr/ 50,000 | 5 Yr/ 100,000 | 5 Yr/ Unlimited | 7 Yr/ 70,000 | 8 Yr/ 80,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| Basic Limited Warranty Coverage | ▮ | ▮ | ▮ | | | | | | | |
| | | | | | | | | | | |
| **Special Extended Warranty Coverage** | | | | | | | | | | |
| Anti-Corrosion Perforation Limited Warranty: | | | | | | | | | | |
|    All Panels | ▮ | ▮ | ▮ | ▮ | ▮ | | | | | |
|    Outer Panels | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | | |
| Powertrain Limited Warranty | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | | | |
| Federal Emissions Warranty | ▮ | ▮ | | | | | | | | |
| Federal Emissions Warranty | | | | | | | | | | |
|    Specified Comp. | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ | ▮ |

1

## TABLE OF CONTENTS

1. Your Legal Rights Under These Limited Warranties ..4

2. What's Covered Under FCA US LLC's Warranties ...5
   2.1 Basic Limited Warranty .......................5
   2.2 Corrosion Warranty ..........................8
   2.3 Restraint System Limited Warranty (Vehicles sold and registered in the State of Kansas only) ....9
   2.4 Powertrain Limited Warranty ................10

3. What's Not Covered ...............................13
   3.1 Modifications Not Covered ..................13
   3.2 Environmental Factors Not Covered .........14
   3.3 Maintenance Costs Not Covered .............14
   3.4 Racing Not Covered ........................15
   3.5 Certain Kinds of Corrosion Not Covered ....15

3.6 Other Exclusions ..............................16
3.7 Total Loss, Salvage, Junk, or Scrap Vehicles Not Covered ......................................17
3.8 Restricted Warranty ..........................17

4. Other Terms of Your Warranties ..................18
   4.1 Exchanged Parts May Be Used in Warranty Repairs .....................................18
   4.2 Pre-Delivery Service ......................19
   4.3 Production Changes ........................19

5. Emission Warranties Required By Law .............20
   5.1 Federal Emission Warranty .................20
   5.2 Emission Performance Warranty .............22

**TABLE OF CONTENTS**

6. How to Get Warranty Service . . . . . . . . . . . . . . 23
   6.1 Where to Take Your Vehicle . . . . . . . . . . . . . 23
   6.2 How To Get Roadside Assistance Service - U.S. or
       Canada Only * . . . . . . . . . . . . . . . . . . . . 25
   6.3 Emergency Warranty Repairs . . . . . . . . . . . . . 28
   6.4 Getting Service Under the Federal Emission
       Performance Warranties . . . . . . . . . . . . . . . 28

7. How to Deal with Warranty Problems . . . . . . . . . 30
   7.1 Steps to Take . . . . . . . . . . . . . . . . . . . 30
   7.2 Helpful Addresses and Telephone Numbers . . . . 34

8. Optional Service Contract . . . . . . . . . . . . . . . 36

9. Maintenance . . . . . . . . . . . . . . . . . . . . . . 37
   9.1 General Information . . . . . . . . . . . . . . . . 37
   9.2 Where To Go For Maintenance . . . . . . . . . . . 37

3

**YOUR LEGAL RIGHTS UNDER THESE LIMITED WARRANTIES** ▬▬▬▬▬▬▬▬▬▬

# 1. Your Legal Rights Under These Limited Warranties

The warranties contained in this booklet are the only express warranties that FCA US LLC ("FCA US") makes for your vehicle. **These warranties give you specific legal rights. You may also have other rights that vary from state to state.** For example, you may have some implied warranties, depending on the state where your vehicle was sold or is registered.

These implied warranties are limited, to the extent allowed by law, to the time periods covered by the express written warranties contained in this booklet.

If you use your vehicle primarily for business or commercial purposes, then these implied warranties do not apply and FCA US completely disclaims them to the extent allowed by law. And the implied warranty of fitness for a particular purpose does not apply if your vehicle is used for racing, even if the vehicle is equipped for racing.

Some states do not allow limitations on how long an implied warranty lasts, so the above limitations may not apply to you.

## 1.1 Incidental and Consequential Damages Not Covered

**Your warranties don't cover any incidental or consequential damages connected with your vehicle's failure, either while under warranty or afterward.**

Examples of such damages include:
- lost time;
- inconvenience;
- the loss of the use of your vehicle;
- the cost of rental vehicles, gasoline, telephone, travel, or lodging;
- the loss of personal or commercial property; and
- the loss of revenue.

**Some states don't allow incidental or consequential damages to be excluded or limited, so this exclusion may not apply to you.**

# 2. What's Covered Under FCA US LLC's Warranties

## 2.1 Basic Limited Warranty

### A. Who Is Covered?

You are covered by the Basic Limited Warranty if you are a purchaser for use of the vehicle.

### B. What's Covered

The Basic Limited Warranty covers the cost of all parts and labor needed to repair any item on your vehicle when it left the manufacturing plant that is defective in material, workmanship or factory preparation. There is no list of covered parts since the only exception are tires and Unwired headphones. You pay nothing for these

repairs. These warranty repairs or adjustments — including all parts and labor connected with them — will be made by your dealer at no charge, using new or remanufactured parts.

### C. Items Covered by Other Warranties

The following are covered by separate warranties offered by their makers. They are **not covered** by the Basic Limited Warranty:

- tires;
- unwired headphones; or
- items added or changed after your vehicle left the manufacturing plant, such as accessories or protection products, or items changed because of customization or van conversion.

5

**WHAT'S COVERED UNDER FCA US LLC'S WARRANTIES** ████████████████████

Be sure you get a copy of any warranty that applies to these items from your dealer, or from the maker of the product. You can find the tire and unwired headphone warranty statements in your Owner's Literature Package.

## D. Towing Costs Are Covered Under Certain Circumstances

The Roadside Assistance covers the cost of towing your vehicle to the nearest Chrysler, Dodge, Jeep, or Ram dealer if your vehicle becomes disabled as a result of a mechanical breakdown. If you choose to go to another dealership, you will be responsible for the cost if the extra distance exceeds 10 miles. See Section 6.2 for information on how to get towing service in the United States and Canada.

## E. When It Begins

The Basic Limited Warranty begins on either of the following dates, whichever is earlier:

- the date you take delivery of the vehicle; or
- the date when the vehicle was first put into service — for example, as a dealer "demo" or as a FCA US company vehicle.

6

**WHAT'S COVERED UNDER FCA US LLC'S WARRANTIES**

**F. When It Ends**

The Basic Limited Warranty lasts for 36 months from the date it begins or for 36,000 miles on the odometer, whichever occurs first. But the following items are covered only for 12 months or for 12,000 miles on the odometer, whichever occurs first:

- brakes (rotors, pads, linings, and drums);
- wiper blades;
- clutch discs or modular clutch assembly (as equipped);
- windshield and rear window; and
- wheel alignment and wheel balancing

**G. Registration and Operation Requirements**

The Basic Limited Warranty covers your vehicle only if:

- it was built for sale in the U.S.;
- it's registered in the U.S.;
- it's driven mainly in the U.S. or Canada; and
- it's operated and maintained in the manner described in your Owner's Manual.

**WHAT'S COVERED UNDER FCA US LLC'S WARRANTIES**

**H. If Your Vehicle Leaves the United States (We Include U.S. Possessions and Territories as Part of the United States for Warranty Purposes):**
**EXCEPT WHERE SPECIFICALLY REQUIRED BY LAW, THERE IS NO WARRANTY COVERAGE ON THIS VEHICLE IF IT IS SOLD IN OR REGISTERED IN COUNTRIES OTHER THAN THE UNITED STATES.**

This policy does not apply to vehicles that have received authorization for export from FCA US. Dealers may not give authorization for export. You should consult an authorized dealer to determine this vehicle's warranty coverage if you have any questions.

This policy does not apply to vehicles registered to U.S. government officials or military personnel on assignment outside of the United States.

8

## 2.2 Corrosion Warranty

**A. Who Is Covered?**
You are covered if you are a purchaser for use of the vehicle.

**B. What's Covered**
This warranty covers the cost of all parts and labor needed to repair or replace any sheet metal panels that get holes from rust or other corrosion. If a hole occurs because of something other than corrosion, this warranty does not apply. Cosmetic or surface corrosion — resulting, for example, from stone chips or scratches in the paint — is not covered. For more details on what isn't covered by this warranty, see 3.5.

## C. How Long It Lasts

The Corrosion Warranty starts when your Basic Limited Warranty begins under 2.1(E).

This warranty has two time-and-mileage limits:

- For sheet metal panels, the limit is 36 months, with no mileage limit.

- For an outer-body sheet metal panel — one that is finish-painted and that someone can see when walking around the vehicle — the limits are 5 years or unlimited miles on the odometer, whichever occurs first.

## D. What's Not Covered

Please note that while the standard Corrosion Limited Warranty applies to defects in material and/or workmanship, it does not cover the vehicle's matte finish appearance (if equipped).

Maintaining the matte finish appearance is solely the responsibility of the vehicle owner as described in your Owner's Manual.

## 2.3 Restraint System Limited Warranty (Vehicles sold and registered in the State of Kansas only)

For vehicles sold and registered in the State of Kansas, seatbelts and related seatbelt components are warranted against defects in workmanship and materials for 10 years, regardless of mileage. This warranty does not cover replacement of seatbelts and related components required as the result of collision.

**WHAT'S COVERED UNDER FCA US LLC'S WARRANTIES**

## 2.4 Powertrain Limited Warranty

### A. Who Is Covered?

You are covered by the Powertrain Limited Warranty if you are a purchaser for use of the vehicle.

### B. What's Covered

The Powertrain Limited Warranty covers the cost of all parts and labor needed to repair a powertrain component listed in section 2.4.E below that is defective in workmanship and materials.

### C. How Long It Lasts

The Powertrain Limited Warranty lasts for up to 5 years or 100,000 miles on the odometer, whichever occurs first, calculated from the start date of the Basic Limited Warranty, as set forth in Section 2.1(E).

### D. Towing Costs Are Covered

The Roadside Assistance covers the cost of towing your vehicle to the nearest authorized Chrysler, Dodge, Jeep or Ram dealer if your vehicle cannot be driven because a covered part has failed.

If you choose to go to another dealership, you will be responsible for the cost if the extra distance exceeds 10 miles. See Section 6.2 for information on how to get towing service in the United States and Canada.

10

## E. Parts Covered

The Powertrain Limited Warranty covers these parts and components of your vehicle's powertrain supplied by FCA US:

**Diesel Engine:**

cylinder block and all internal parts; cylinder head assemblies; core plugs; fuel injection pump and injectors; intake and exhaust manifolds; oil pan; oil pump; timing gear drive belts and/or chains and cover; turbocharger housing and internal parts; valve covers; water pump and housing; seals and gaskets for listed components; glow plugs and all sensors.

**Transmission:**

transmission case and all internal parts; torque converter; drive/flex plate; transmission range switch; speed sensors; pressure sensors; transmission control module; bell housing; oil pan; seals and gaskets for listed components only.

### WHAT'S COVERED UNDER FCA US LLC'S WARRANTIES

**NOTE:** MANUAL TRANSMISSION CLUTCH PARTS ARE NOT COVERED AT ANY TIME.

**Front Wheel Drive:**

transaxle case and all internal parts; axle shaft assemblies; constant velocity joints and boots; differential cover; oil pan; transaxle speed sensors; transaxle solenoid assembly; PRNDL position switch; transaxle electronic controller; torque converter; seals and gaskets for listed components only.

**NOTE:** MANUAL TRANSMISSION CLUTCH PARTS ARE NOT COVERED AT ANY TIME.

**WHAT'S COVERED UNDER FCA US LLC'S WARRANTIES** ████████████████████████████████████

**All Wheel Drive (AWD):**

power transfer unit and all internal parts; viscous coupler; axle housing and all internal parts; constant velocity joints and boots; driveshaft and axle shaft assemblies; differential carrier assembly and all internal parts; output ball bearing; output flange; end cover; overrunning clutch; vacuum motor; torque tube; pinion spacer and shim, seals and gaskets for listed components only.

**Rear Wheel Drive:**

rear axle housing and all internal parts; axle shafts; axle shaft bearings; drive shaft assemblies; drive shaft center bearings; universal joints and yokes; seals and gaskets for listed components only.

**Four-Wheel Drive (4X4):**

transfer case and all internal parts; transfer case control module and shift mode motor assembly; axle housing and all internal parts; axle shafts; axle shaft bearings; drive shafts assemblies (front and rear); drive shaft center bearings; universal joints and yokes; disconnect housing assembly; seals and gaskets for the listed components only.

**F. Other Provisions of This Powertrain Limited Warranty**

All other terms of the New Vehicle Limited Warranty including the Section 1 (Your Rights Under These Limited Warranties) and Section 3 (What's Not Covered) apply to this Powertrain Limited Warranty.

12

# 3. What's Not Covered

## 3.1 Modifications Not Covered

### A. Some Modifications Don't Void the Warranties But Aren't Covered

Certain changes that you might make to your vehicle do not, by themselves, void the warranties described in this booklet. Examples of some of these changes are:

- installing non-FCA US parts, components, or equipment (such as a non-FCA US radio or speed control); and

- using special non-FCA US materials or additives.

But your warranties don't cover any part that was not on your vehicle when it left the manufacturing plant or is not certified for use on your vehicle. Nor do they cover the costs of any repairs or adjustments that might be caused or needed because of the installation or use of non-FCA US parts, components, equipment, materials, or additives.

Performance or racing parts are considered to be non-FCA US parts. Repairs or adjustments caused by their use are not covered under your warranties.

Examples of the types of alterations not covered are:

- installing accessories — except for genuine FCA US/MOPAR accessories installed by an authorized Chrysler, Dodge, Jeep or Ram dealer;

- applying rustproofing or other protection products;

- changing the vehicle's configuration or dimensions, such as converting the vehicle into a limousine or food service vehicle; or

- using any refrigerant that FCA US has not approved.

13

**WHAT'S NOT COVERED** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**B. Modifications That WILL Void Your Warranties**

These actions will void your warranties:

- disconnecting, tampering with, or altering the odometer will void your warranties, unless your repairing technician follows the legal requirements for repairing or replacing odometers; or

- attaching any device that disconnects the odometer will also void your warranties.

## 3.2 Environmental Factors Not Covered

Your warranties don't cover damage caused by environmental factors such as airborne fallout, bird droppings, insect damage, chemicals, tree sap, salt, ocean spray, acid rain, and road hazards. Nor do your warranties cover damage caused by hailstorms, windstorms, tornadoes, sandstorms, lightning, floods, and earthquakes.

14

Your warranties do not cover conditions resulting from anything impacting the vehicle. This includes cracks and chips in glass, scratches and chips in painted surfaces, or damage from collision.

## 3.3 Maintenance Costs Not Covered

Your warranties don't cover the costs of repairing damage caused by poor or improper maintenance. Nor do they cover damage caused by the use of contaminated fuels, or by the use of fuels, oils, lubricants, cleaners or fluids other than those recommended in your Owner's Manual.

The warranties don't cover the costs of your vehicle's normal or scheduled maintenance — the parts and services that all vehicles routinely need. Some of these parts and services, which your warranties don't cover, include:

- lubrication;
- engine tune-ups;
- replacing filters, coolant, spark plugs, bulbs, or fuses (unless those costs result from a covered repair);
- cleaning and polishing; and
- replacing worn wiper blades, worn brake pads and linings, or clutch linings.

## 3.4 Racing Not Covered

Your warranties don't cover the costs of repairing damage or conditions caused by racing, nor do they cover the repair of any defects that are found as the result of participating in a racing event.

## 3.5 Certain Kinds of Corrosion Not Covered

Your warranties don't cover the following:

- corrosion caused by accident, damage, abuse, or vehicle alteration;
- surface corrosion caused by such things as industrial fallout, sand, salt, hail, ocean spray, and stones;

15

**WHAT'S NOT COVERED** ████████████████████████████████

- corrosion caused by the extensive or abnormal transport of caustic materials like chemicals, acids, and fertilizers; and
- corrosion of special bodies, body conversions, or equipment that was not on your vehicle when it left the manufacturing plant or was not supplied by FCA US.

## 3.6  Other Exclusions

Your warranties don't cover the costs of repairing damage or conditions caused by any of the following:

- fire or accident;
- abuse or negligence;
- misuse — for example, driving over curbs or overloading;
- tampering with the emission systems, or with a part that could affect the emission systems;
- use of used parts, even if they were originally supplied by FCA US (however, authorized FCA US / MOPAR remanufactured parts are covered);
- windshield or rear window damage from external objects;
- any changes made to your vehicle that don't comply with FCA US; or
- using any fluid that doesn't meet the minimum recommendations in your Owner's Manual.

16

## 3.7 Total Loss, Salvage, Junk, or Scrap Vehicles Not Covered

A vehicle has no warranty coverage of any kind if:

- the vehicle is declared to be a total loss by an insurance company;

- the vehicle is rebuilt after being declared to be a total loss by an insurance company; or

- the vehicle is issued a certificate of title indicating that it is designated as "salvage," "junk," "rebuilt," "scrap," or some similar word.

FCA US will deny warranty coverage without notice if it learns that a vehicle is ineligible for coverage for any of these reasons.

## 3.8 Restricted Warranty

Your warranties can also be restricted by FCA US. FCA US may restrict the warranty on your vehicle if the vehicle is not properly maintained, or if the vehicle is abused or neglected, and the abuse or neglect interferes with the proper functioning of the vehicle. If the warranty is restricted, coverage may be denied or subject to approval by FCA US before covered repairs are performed.

# 4. Other Terms of Your Warranties

## 4.1 Exchanged Parts May Be Used in Warranty Repairs

In the interest of customer satisfaction, FCA US may offer exchange service on some vehicle parts. This service is intended to reduce the amount of time your vehicle is not available for your use because of repairs. Parts used in exchange service may be new, remanufactured, reconditioned, or repaired, depending on the part involved.

All exchange parts that might be used meet FCA US standards, and have the same warranties as new parts.

Examples of the kinds of parts that might be serviced in this way are:

- engine assemblies;
- transmission assemblies;
- instrument cluster assemblies;
- radios, tape, CD and DVD players;
- speedometers; and
- powertrain control modules.

To help control suspected ozone-depleting agents, the EPA requires the capture, purification, and reuse of automotive air-conditioning refrigerant gases. As a result, a repair to the sealed portion of your air-conditioning system may involve the installation of purified reclaimed refrigerant.

## 4.2 Pre-Delivery Service

A defect in or damage to the mechanical, electrical, sheet-metal, paint, trim, and other components of your vehicle may have occurred at the factory or while it was being shipped to the dealer.

Such a defect or damage is usually detected and corrected at the factory. In addition, dealers must inspect each vehicle before delivery. They repair any defects or damage detected before the vehicle is delivered to you.

## 4.3 Production Changes

Changes may be made in vehicles sold by FCA US and its dealers at any time without incurring any obligation to make the same or similar changes on vehicles previously built or sold.

19

# 5. Emission Warranties Required By Law

## 5.1 Federal Emission Warranty

### A. Parts Covered for 2 Years or 24,000 Miles

Federal law requires FCA US to warrant the following emissions parts for 2 years or 24,000 miles, whichever occurs first. FCA US covers all of these parts under the Basic Limited Warranty for 3 years or 36,000 miles, whichever occurs first.

**Ram 1500 — Diesel**

- charge air cooler
- crankcase ventilation system
- electronic fuel injection system, including injectors
- exhaust gas recirculation valve & control system
- exhaust manifold
- fuel cap & tank assembly, pump, & fuel lines
- glow plugs
- intake manifold
- mass air flow sensor
- nitrous oxide sensors

20

**EMISSION WARRANTIES REQUIRED BY LAW**

- on-board diagnostic-system components
- oxygen sensors
- particulate matter sensor
- throttle body
- transmission control module
- turbocharger
- urea (DEF) tank & control system
- vacuum hoses, clamps, & fittings, as well as tubing used for these components
- vacuum, temperature, altitude, speed, time sensitive valves, sensors, & switches used in these components

**B. Parts Covered for 8 years or 80,000 miles**

If your vehicle has one of the following parts, this Federal Emission Warranty covers that part for a period of 8 years or 80,000 miles, whichever occurs first, calculated from the start of the Basic Limited Warranty as set forth in Section 2.1(E). The covered parts are:

- catalytic converter
- powertrain control module
- oxidation catalyst/particulate filter assembly
- selective catalytic reduction catalyst assembly

21

**EMISSION WARRANTIES REQUIRED BY LAW**

## 5.2  Emission Performance Warranty

This warranty supplements the federal warranty under 5.1. It lasts for 2 years or 24,000 miles on the odometer, whichever occurs first. If your vehicle has one of the following parts, catalytic converter and powertrain control module, this Federal Emission Warranty covers that part for a period of 8 years or 80,000 miles, whichever occurs first. These limits are counted from the time when your Basic Limited Warranty begins under 2.1(E). The Emission Performance Warranty covers the cost of repairing or adjusting any components or parts that might be needed for your vehicle to pass Federal Emission Standards for a federally approved state or local emissions test, but only if:

- your vehicle has failed a federally approved state or local emissions test;

- your vehicle has been maintained and operated properly up until it fails such a test; and

- you face a real penalty — for example, a fine or the loss of the use of your vehicle — because the vehicle has failed the test.

Section 6.4 explains how to get service under this warranty.

22

# 6. How to Get Warranty Service

## 6.1 Where to Take Your Vehicle

### A. In the United States (We Include U.S. Possessions and Territories as Part of the United States for Warranty Purposes):

Warranty service must be done by an authorized Chrysler, Dodge, Jeep or Ram dealer. We strongly recommend that you take your vehicle to your Selling Dealer. They know you and your vehicle best, and are most concerned that you get prompt and high quality service. If you move within the United States, warranty service may be requested from any authorized Chrysler, Dodge, Jeep or Ram dealer.

### B. In Canada and Mexico:

If you are traveling temporarily in Canada or Mexico, and your vehicle remains registered in the United States, your FCA US warranty still applies. Service may be requested at any authorized Chrysler, Dodge, Jeep or Ram dealership.

### C. In a Foreign Country Outside of North America:

If you are traveling temporarily outside of North America, and your vehicle remains registered in the United States:

- You should take your vehicle to an authorized Chrysler, Dodge, Jeep or Ram dealer. They should give you the same warranty service you receive in the United States.

**HOW TO GET WARRANTY SERVICE** ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

- If the authorized dealership charges you for repairs which you feel should be covered under your warranty, please get a detailed receipt for the work done. Make sure that this receipt lists all warranty repairs and parts that were involved. (This receipt will be similar to the one used by the dealer who normally services your vehicle.)

- When your vehicle returns to the United States, contact the FCA US Customer Assistance Center (section 7.2) for reimbursement consideration. You will normally need to provide a copy of the receipt, your vehicle registration and any other relevant documents.

- Reimbursement will not be considered if the vehicle does not return to the United States.

**D. If You Move:**

If you move to another country, be sure to contact the FCA US Customer Assistance Center (section 7.2) and the customs department of the destination country before you move. Vehicle importation rules vary considerably from country to country. You may be required to present documentation of your move to FCA US in order to continue your warranty coverage. You may also be required to obtain documentation from FCA US in order to register your vehicle in your new country.

**E. Notice:**

If your vehicle is registered outside of the United States, and you have not followed the procedure set out above, your vehicle will no longer be eligible for warranty coverage of any kind. (Vehicles registered to United States government officials or military personnel on assignment outside of the U.S. will continue to be covered.)

24

## 6.2 How To Get Roadside Assistance Service - U.S. or Canada Only *

### A. Who Is Covered:

You are covered by the Roadside Assistance services if you are a purchaser for use of the vehicle. The Roadside Assistance services lasts for 5 years or 100,000 miles on the odometer, whichever occurs first, calculated from the start date of the Basic Limited Warranty, as set forth in Section 2.1(E).

### B. What To Do:

If your vehicle requires jump start assistance, out of gas/fuel delivery, tire service, lockout service or towing as a result of a mechanical breakdown, dial toll-free 1-800-521-2779. Provide your name, vehicle identification number, license plate number, and your location, including the telephone number from which you are calling. Briefly describe the nature of the problem and answer a few simple questions.

You will be given the name of the service provider and an estimated time of arrival. If you feel you are in an "unsafe situation", please let us know. With your consent, we will contact local police or safety authorities.

* Towing services provided through Cross Country Motor Club, Inc., Medford, MA 02155, except in AK, CA, HI, OR, WI, and WY, where services are provided by Cross Country Motor Club of California, Inc., Medford, MA 02155.

25

**HOW TO GET WARRANTY SERVICE**

## C. Covered Services:

### Flat Tire Service

If you are inconvenienced by a flat tire, we will dispatch a service provider to use your vehicle's temporary spare tire (if equipped) as recommended in your Owner's Manual. This is not a permanent flat tire repair.

### Out of Gas/Fuel Delivery

Drivers can't always count on a gas station being nearby - especially when traveling away from home. Just call 1-800-521-2779, and we will dispatch a service provider to deliver a small amount of fuel (maximum 2 gallons) to get you to a nearby station.

### Battery Jump Assistance

No time is a good time for a dead battery, but with Roadside Assistance, you don't have to worry about being stranded. We will dispatch a service provider to provide you with a battery jump anytime, day or night.

### Lockout Service

Whether the keys are locked in your vehicle or frozen locks are keeping you from getting on your way, help is just a phone call away at 1-800-521-2779. This service is limited to providing access to the vehicle's seating area. It does not cover the cost of replacement keys.

### Towing Service

Our towing service gives you peace of mind and confidence. If your vehicle becomes disabled as a result of a mechanical breakdown, Roadside Assistance will dispatch towing service to transport your vehicle to the closest authorized Chrysler, Dodge, Jeep or Ram dealer. If you choose to go to another dealership, you will be responsible for the cost if the extra distance exceeds 10 miles.

**HOW TO GET WARRANTY SERVICE**

**D. If Unable to Contact Roadside Assistance:**

If you are unable to contact Roadside Assistance and you obtain towing services on your own, you may submit your original receipts from the licensed towing or service facility, for services rendered within 30 days of the occurrence. Be sure to include your vehicle identification number, odometer mileage at the time of service and current mailing address. We will process the claim based on vehicle and service eligibility. If eligible, we will reimburse you for the reasonable amounts you actually paid, based on the usual and customary charges for that service in the area where they were provided. FCA US's determination relating to reimbursement are final. Correspondence should be mailed to:

FCA US Towing Assistance
P.O. Box 9145
Medford, MA 02155
Attention: Claims Department

27

**HOW TO GET WARRANTY SERVICE** ████████████████████████████████

## 6.3 Emergency Warranty Repairs

If you have an emergency and have to get a warranty repair made by someone other than an authorized Chrysler, Dodge, Jeep or Ram dealer, follow the reimbursement procedure in 6.1(C).

## 6.4 Getting Service Under the Federal Emission Performance Warranties

### A. What to Do

If your vehicle has failed an emissions test described in 5.2:

- Take it to an authorized Chrysler, Dodge, Jeep or Ram dealer as soon as possible.

- Give the service representative the printout showing that your vehicle failed the test.

- If possible, bring all service receipts, maintenance logs, and records proving that your vehicle has been properly maintained, since you may be required to show them.

28

**HOW TO GET WARRANTY SERVICE**

## B. Further Steps You Can Take, and How to Get More Information

If you think your dealer has wrongly denied you emission-warranty coverage, follow the steps described in 7.1. FCA US will reply to you in writing within 30 days after receiving your complaint (or within the time limit required by local or state law). If the owner is not notified within 30 days that a performance warranty claim is denied, the manufacturer must repair the vehicle free of charge.

If you want more information about getting service under the Federal Emission Warranty or the Performance Warranty, or if you want to report what you think is a violation of these warranties, you can contact:

**Manager, Certification and Compliance**
Division Warranty Claims
Environmental Protection Agency
1200 Pennsylvania Avenue, NW
Mail Code 6403J
Washington, D. C. 20460

29

# 7. How to Deal with Warranty Problems

## 7.1 Steps to Take

### A. In General

Normally, warranty problems can be resolved by your dealer's sales or service departments. That's why you should always talk to your dealer's service manager or sales manager first. But if you're not satisfied with your dealer's response to your problem, FCA US recommends that you do the following:

**Step 1:**

Discuss your problem with the owner or general manager of the dealership.

**Step 2:**

If your dealership still can't resolve the problem, contact the FCA US Customer Assistance Center. You'll find the address in section 7.2.

### B. What FCA US Will Do

Once you have followed the two steps described in 7.1(A), a FCA US representative at FCA US headquarters will review your situation. If it's something that FCA US can help you with, FCA US will provide your dealer with all the information and assistance necessary to resolve the problem. Even if FCA US can't help you, FCA US will acknowledge your contact and explain FCA US's position.

**HOW TO DEAL WITH WARRANTY PROBLEMS**

**C. If Your Problem Still Isn't Resolved For Customers Residing in Arkansas, Idaho, Kentucky, Minnesota and Montana ONLY:** (NOTE: This Process is not available for residents of other states.)

If you can't resolve your warranty problem after following the two steps described in 7.1(A), and you live in Arkansas, Idaho, Kentucky, Minnesota or Montana ONLY, you can contact the FCA US LLC Customer Arbitration Process in your area.

You may obtain a brochure describing FCA US LLC's Customer Arbitration Process, including an application, by calling (866) 726-4636. This service is strictly voluntary, and you may submit your dispute directly to the Customer Arbitration Process (CAP) at no cost. The

CAP is administered by an independent dispute settlement organization and may be contacted in writing at the following address:

National Center for Dispute Settlement
FCA US LLC
Customer Arbitration Process
P.O. Box 727
Mt. Clemens, MI 48046

The CAP reviews only vehicle disputes involving FCA US LLC ("FCA US") Limited Warranty or a FCA US/Mopar Part Limited Warranty. The CAP does not review disputes involving the sale of a new or used vehicle, personal injury/property damage claims, disputes relating to design of the vehicle or part, or disputes which are already the subject of litigation.

31

## HOW TO DEAL WITH WARRANTY PROBLEMS

The CAP will need the following information from you: 1) Legible copies of all documents and repair orders relevant to your case, 2) Vehicle identification number of your vehicle, 3) A brief description of your unresolved concern, 4) The identity of your servicing / selling dealer, 5) The date(s) of repair(s) and mileage at the time, 6) Current mileage, and 7) A description of the action you expect to resolve your concern.

Upon receipt of your request:

- The National Center for Dispute Settlement (NCDS) will acknowledge receipt of your request, by mail, within ten (10) days, and advise you whether or not your dispute is within the jurisdiction of the Process.

- When your request is within jurisdiction NCDS will request FCA US and the dealer to present their side of the dispute. You will receive copies of their responses.

- While your dispute is pending NCDS or FCA US may contact you to see if your case can be settled by agreement. If a settlement is offered to you, FCA US will ask you to sign a form that contains that settlement. Your case will then be closed. There is no requirement for you to participate in this settlement process.

- If you requested an oral hearing, a decision-maker will contact you to arrange a convenient time and place for a hearing. Usually, this will be at a dealership near you.

32

**HOW TO DEAL WITH WARRANTY PROBLEMS**

- If you request a documents-only review, a NCDS panel will review and decide your case. Neither you, the dealer nor FCA US need be present.

- NCDS will send you a written Statement of Decision. This statement will include the decision, any action to be taken by the dealer or FCA US and the time by which the action must be taken. The decision will be binding on the dealer and FCA US but not on you unless you accept the decision.

- If any action is required on the part of the dealer or FCA US you will be contacted within ten (10) days after the date by which the dealer or FCA US must act to determine whether performance has been rendered.

- The entire dispute settlement process will normally take no longer than 40 days.

- The CAP dispute settlement procedure does not take the place of any state or Federal legal remedies available to you. Whether or not you decide to submit your dispute to the Process, you are free to pursue other legal remedies.

33

**HOW TO DEAL WITH WARRANTY PROBLEMS** ▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀▀

### D. Notice Under State Lemon Laws

Some states have laws allowing you to get a replacement vehicle or a refund of the vehicle's purchase price under certain circumstances. These laws vary from state to state. If your state law allows, FCA US requires that you first notify us in writing of any service difficulty that you may have experienced so that we can have a chance to make any needed repairs before you are eligible for remedies provided by these laws. In all other states, we ask that you give us written notice of any service difficulty. Send your written notice to the FCA US Customer Assistance Center at the address in 7.2.

## 7.2 Helpful Addresses and Telephone Numbers

Here are the addresses and telephone numbers of the FCA US Customer Assistance Center that can help you wherever you happen to be. Contact the one that covers your area:

- **In the United States:**
  **FCA US Customer Assistance Center**
  P.O. Box 21-8004
  Auburn Hills, Michigan 48321-8004
  Phone: (866) 726-4636

  **To contact FCA US by email,**
  simply access the following website:
  www.ramtrucks.com
  (click on the "Contact Us" button)

34

**HOW TO DEAL WITH WARRANTY PROBLEMS**

- **In Canada:**
  FCA US Canada, Inc.
  Customer Service
  Chrysler Centre
  P.O. Box 1621
  Windsor, Ontario N9A-4H6
  Phone: (800) 465-2001

- **In Mexico, contact the Customer Relations Office for Chrysler, Dodge, Jeep and Ram vehicles at:**
  1240 Prolongacion Paseo de la Reforma Av.
  Santa Fe, C.P. 05109
  Deleg. Cuajimalpa, Mexico
  Phone (in Mexico): (015) 5081-7568
  Phone (outside Mexico): (800) 505-1300

- **In Puerto Rico and U.S. Virgin Islands:**
  Customer Service
  Chrysler Group International Services LLC
  Box 191857
  San Juan, Puerto Rico 00919-1857
  Phone: (787) 782-5757
  Fax: (787) 782-3345

OPTIONAL SERVICE CONTRACT

# 8. Optional Service Contract

FCA US LLC's or Chrysler Group Service Contracts LLC's optional service contracts offer valuable protection against repair costs when these warranties don't apply. They compliment but don't replace the warranty coverages outlined in this booklet. Several plans are available, covering various time-and-mileage periods and various sets of components. (Service contracts aren't available if you live in a U.S. possession or territory.) Ask your dealer for details.

# 9.  Maintenance

## 9.1  General Information

It's your responsibility to properly maintain and operate your new vehicle. Follow the instructions contained in the General and Scheduled Maintenance Service guidelines in your Owner's Manual. Regular, scheduled maintenance is essential to trouble-free operation. If there is a dispute between you and FCA US concerning your maintenance of your vehicle, FCA US will require you to provide proof that your vehicle was properly maintained.

For your convenience, FCA US has prepared a Maintenance Log which is included in your Owner's Manual. You should use this Maintenance Log to keep track of scheduled maintenance, either by routinely having the repairs entered in your Maintenance Log, or by keeping receipts or other documentation of work you've had done on your vehicle in your Maintenance Log.

## 9.2  Where To Go For Maintenance

FCA US recommends that you return to the dealer from whom you bought your vehicle for all maintenance service both during and after the warranty periods. Although you can get warranty service from any dealer who sells your particular make, returning to your selling dealer will help ensure that all your service needs are met and that you're completely satisfied. The dealership technicians are specifically trained to proficiently perform maintenance and repair procedures on your vehicle.

Authorized Chrysler, Dodge, Jeep or Ram dealers will help ensure that all your service needs are met and that you're completely satisfied. FCA US strongly recommends you use genuine FCA US/MOPAR parts to maintain your vehicle.

Original Owner's Name

Street Address

City and State                                    Zip Code

| | | | | | | | | | | | | | | | | |
Vehicle Identification Number

Warranty Start Date (In-Service Date)          Mileage at Delivery

Selling Dealer                                    Code

City                                              State

Second Owner's Name

Street Address

City and State                                    Zip Code

Date of Second Purchase          Mileage at Purchase

Third Owner's Name

Street Address

City and State                                    Zip Code

Date of Third Purchase           Mileage at Purchase

Warranty coverage applies to all vehicle owners. To protect you in the event of a recall or any questions concerning your warranty, please tell your dealer about any ownership or address change, and write the details here.



## STICK WITH THE SPECIALISTS®

16GEND-026-AC
©2015 FCA US LLC. ALL RIGHTS RESERVED.
RAM IS A REGISTERED TRADEMARK OF FCA US LLC.



THIRD EDITION
PRINTED IN U.S.A.

1   Sabrina Narain (SBN 299471)
    sabrina.narain@ltlattorneys.com
2   Jacky P. Wang (SBN 222464)
    jacky.wang@ltlattorneys.com
3   Alexandra B. Jara (SBN 355695)
    alexandra.jara@ltlattorneys.com
4   **LTL ATTORNEYS LLP**
    300 South Grand Ave., Suite 3950
5   Los Angeles, CA 90071
    Telephone: (213) 612-8900
6   Facsimile: (213) 612-3773
    fcawarranty@ltlattorneys.com
7
    Attorney for Defendant
8   **FCA US LLC**

9                       SUPERIOR COURT OF CALIFORNIA

10                          COUNTY OF SOLANO

11

12
    RONALD KNARR,                          **CASE NO.   CU24-06730**
13
                    Plaintiff,             **DEFENDANT FCA US LLC'S ANSWER**
14                                         **TO PLAINTIFF RONALD KNARR'S**
          v.                               **UNVERIFIED COMPLAINT**
15
    FCA US, LLC. ; and DOES, T through 10,
16  inclusive.,

17                  Defendants.

18                                         Complaint Filed:   September 3, 2024
                                           Trial Date:        None Set
19

20

21

22

23

24

25

26

27

28

Defendant FCA US LLC ("Defendant") hereby answers the unverified Complaint of Plaintiff RONALD KNARR ("Plaintiff") on file as follows:

## GENERAL DENIAL

1.      Pursuant to the provisions of Code of Civil Procedure section 431.30, subdivision (d), Defendant denies generally and specifically, all of the allegations contained in the Complaint and specifically denies that it caused or contributed to any alleged damages, and further denies that Plaintiff has been or will be damaged in any sum or sums, either as alleged, otherwise, or at all.

## AFFIRMATIVE DEFENSES

2.      Defendant alleges on information and belief, and where information is not available but the failure to allege would result in waiver of the defense, the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State Cause of Action)

3.      Plaintiff's Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant and Defendant denies that Plaintiff was damaged in any sum or sums, or at all.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

4.      Defendant is informed and believes, and on that basis alleges, that some or all of Plaintiff's claims may be barred by the statute of limitations, including but not limited to limitations contained within Commercial Code section 2725, Code of Civil Procedure sections 338 and 340, and Civil Code section 1783.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

5.      Plaintiff is estopped from obtaining the relief sought or pursuing any of the claims raised or causes of actions contained in the Complaint, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

//

//

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver)

6.      Plaintiff has waived their right to the claims, causes of action and relief sought in this Complaint against Defendant, by virtue of their acts, failures to act, conduct, representations, admissions, and the like.

**FIFTH AFFIRMATIVE DEFENSE**

(Laches)

7.      Plaintiff has unreasonably delayed the commencement of this action to the prejudice of Defendant. Therefore, the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

(Economic Loss Rule)

8.      Plaintiff's causes of action have not accrued because Plaintiff cannot establish that they suffered injury directly from the subject vehicle or products, and therefore Plaintiff's contention that the subject vehicle or products failed to adequately perform their functions are barred by the economic loss rule.

**SEVENTH AFFIRMATIVE DEFENSE**

(Vehicle Fit for Intended Purpose)

9.      Defendant is informed and believes, and on that basis alleges, that the subject vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability. (*American Suzuki Motor Corporation v. Superior Court* (1995) 37 Cal.App.4th 1291.)

**EIGHTH AFFIRMATIVE DEFENSE**

(Duration of Implied Warranty)

10.      Defendant is informed and believes, and on that basis alleges, that some or all of the alleged defects did not arise until more than three months had elapsed since the subject vehicle was sold to Plaintiff. Accordingly, Plaintiff is not entitled to relief for such concerns under the breach of the implied warranty of merchantability. Civil Code section 1795.5.

**NINTH AFFIRMATIVE DEFENSE**

(Lack of Maintenance and Other Exclusions)

11.     Defendant is informed and believes, and on that basis alleges that Plaintiff and/or others may have improperly cared for and maintained the subject vehicle, and that some of Plaintiff's concerns may have been proximately caused by such lack of maintenance of the subject vehicle or products. Defendant reserves the right to identify additional exclusions which may be applicable.

**TENTH AFFIRMATIVE DEFENSE**

(Unreasonable or Unauthorized Use of Vehicle)

12.     Defendant is informed and believes, and on that basis alleges, that some of Plaintiff's concerns may be barred by Plaintiff's unreasonable or unauthorized use of the vehicle. (Civil Code section 1794.3.)

**ELEVENTH AFFIRMATIVE DEFENSE**

(No Timely Revocation of Acceptance)

13.     Plaintiff has no restitution remedy under breach of implied warranty because there was no timely revocation of acceptance before a substantial change in the condition of the goods.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Reasonable Number of Attempts to Repair Afforded)

14.     The Complaint and, each and every cause of action therein, does not state facts sufficient to meet the statutory presumption of a reasonable number of repair attempts under the terms of the Civil Code section 1793.22(b).

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Preemption)

15.     The Complaint and, each and every cause of action therein, in whole, or in part, are preempted by the Federal National Traffic and Motor Vehicle Safety Act pursuant to 49 U.S.C. sections 30118 *et seq.*

//

//

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Performance)

16.     Prior to the commencement of this action, Defendant fully performed, satisfied and discharged all duties and obligations it may have owed to Plaintiff arising out of any and all agreements, representations or contracts made by it or on their behalf and this action is therefore barred by the provisions of Civil Code section 1473.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Failure to Abide by Terms of Warranty)

17.     Claims by Plaintiff of breach of warranty are barred because of Plaintiff's failure to give timely and appropriate notice of any claim of breach of warranty.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Failure to Use Third-Party Dispute Resolution)

18.     Defendant makes available a qualified third-party dispute resolution process, and therefore, they are entitled to relief under certain provisions of the Song-Bervely Consumer Warranty Act.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

19.     Plaintiff is barred from recovery, in whole or in part, on the ground that Plaintiff is subject to the defense of accord and satisfaction.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Good Faith Evaluation)

20.     At all times, Defendant's evaluation of Plaintiff's repurchase request has been in good faith, consequently, Plaintiff has no claim for civil penalty for any alleged willful violation.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Failure to Notify)

21.     Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed to provide timely notice, within a reasonable period of time after discovery of their claims and alleged defects. As a result, Defendant has been damaged and prejudiced. Therefore, the Complaint

and each cause of action therein, is barred as a matter of law.

### TWENTIETH AFFIRMATIVE DEFENSE

(Complete Performance)

22.     Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Compliance with Laws)

23.     Defendant has complied with all laws and regulations with regard to the subject matter of Plaintiff's Complaint and is therefore not liable to Plaintiff for any damages that they may have sustained, if any.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Good Faith)

24.     At all times relevant and material to this action, Defendant acted reasonably and in good faith.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Independent Causes)

25.     The alleged injuries, damages or loss, if any, for which Plaintiff seeks recovery, were the result of causes independent of any purported acts or omissions on the part of Defendant, or any of its agents, representatives or employees, thereby eliminating or reducing the alleged liability of Defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Failure to Inspect)

26.     Defendant alleges that Plaintiff's damages, if any, may have been caused by the failure of third parties, unrelated to Defendant, to properly inspect the subject vehicle or products, thereby eliminating or reducing the alleged liability of Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Failure to Maintain)

27.     Defendant alleges that any and all conditions in the subject vehicle or products

described in the Complaint, if any there were, were solely a result of the failure to properly maintain and service the subject vehicle or products, thereby eliminating or reducing the alleged liability of Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Breach)

28.     Defendant alleges it did not breach any duties to Plaintiff, thereby barring and/or precluding Plaintiff from recovery.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Affirmative Conduct)

29.     Defendant alleges that there was no affirmative conduct on the part of Defendant, which allegedly caused or contributed to Plaintiff's alleged injuries and therefore Plaintiff has no cause of action against Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Substantial Factor)

30.     Defendant alleges that the negligence and other legal fault alleged in the Complaint as against Defendant, if any, was not a substantial factor in bringing about Plaintiff's alleged injuries and, therefore, was not a contributing cause.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Excessive/Speculative Damages)

31.     Defendant alleges that the damages allegedly sustained by Plaintiff, if any, was excessive, exaggerated, unreasonable, speculative, inflated or otherwise unnecessary and/or unrelated to the alleged incident.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

32.     If Plaintiff suffered any loss, damage or injury, it was directly or proximately caused by, and is the result of, Plaintiff's conduct and/or their potential failure to mitigate any such loss, damage or injury.

//

1

2

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Disclaimer of Incidental and Consequential Damages)

3      33.     Defendant is informed and believe, and on that basis alleges, that by the terms of the

4  limited warranty for the subject vehicle at issue, Defendant is not liable for incidental or

5  consequential damages.

6

### THIRTY-SECOND AFFIRMATIVE DEFENSE

7

(No Civil Penalty)

8      34.     Defendant is informed and believes, and on that basis alleges, that Plaintiff is barred

9  from the recovery of a civil penalty by reason of Plaintiff's failure to serve written notice pursuant

10  to Civil Code section 1794, subdivision (e)(3).

11

### THIRTY-THIRD AFFIRMATIVE DEFENSE

12

(Set Off)

13      35.     Defendant alleges that if it is established that Defendant is in any manner legally

14  responsible for any of the damages claimed by Plaintiff, which is denied, Defendant is entitled to a

15  set off of these damages, if any, that resulted from the wrongful acts of Plaintiff and/or others.

16

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

17

(Spoliation of Evidence)

18      36.     The subject vehicle or products identified in the Complaint that was allegedly

19  designed, manufactured and distributed by Defendant is missing, has been modified or altered and/or

20  is no longer available for Defendant's possession, which impacts Defendant's defense in this case.

21  Defendant is therefore entitled to relief from this spoliation, including appropriate jury instructions,

22  admonitions and any other relief afforded by the Court.

23

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

24

(Fees and Costs)

25      37.     Defendant is informed and believes, and on that basis alleges, that the Complaint was

26  brought without reasonable cause and without a good faith belief that there was a justifiable

27  controversy under the facts or the law which warranted the filing of the Complaint against

28  Defendant. Plaintiff should therefore be responsible for all of Defendant's necessary and reasonable

attorney's fees and defense costs as permitted by California law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Failure to Join an Indispensable or Necessary Party)

38.     Defendant is informed and believes and thereon alleges that the Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to include an indispensable or necessary party in the Complaint. In the absence of this indispensable or necessary party, complete relief cannot be accorded among the existing parties. The indispensable or necessary party is required to protect parties' interest and to avoid multiple or inconsistent obligations, if any, by the Defendant.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Arbitration Agreement)

39.     Defendant is informed and believes, and on that basis alleges, that this dispute is subject to an arbitration agreement with Plaintiff such that this matter is properly brought before a qualified arbitrator rather than in the instant court.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Punitive Damages Unconstitutional)

40.     Defendant is informed and believes, and on that basis allege, that an award of punitive or exemplary damages to Plaintiff would violate Defendant's constitutional rights under the provisions of the United States and California Constitutions, including but not limited to, the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, (1) any award of punitive or exemplary damages would be grossly out of proportion to the alleged wrongful conduct and purported injury at issue here; (2) there is no legitimate state interest in punishing the alleged wrongful conduct at issue here, or in deterring its possible repetition; (3) the alleged wrongful conduct at issue here is lawful in other jurisdictions; (4) the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant the imposition of any punitive or exemplary damages; and (5) the criteria for the imposition of punitive or exemplary damage are unconstitutionally vague and uncertain and fail to provide fair notice of what conduct will result in the imposition of such damages.

1

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

2

(Punitive Damages -- If Any -- Must Be Limited)

3       41.     Defendant specifically incorporates by reference, as if fully set forth herein, any and

4   all standards or limitations regarding the determination and enforceability of punitive damages

5   awards as set forth in State Farm Mutual Automobile Insurance Company v. Campbell (2003) 123

6   S.Ct. 1513, and BMW of North America v. Gore (1996) 116 S. Ct. 1589.

7

**FORTIETH AFFIRMATIVE DEFENSE**

8

(Unclean Hands)

9       42.     All causes of action in this Complaint asserted by Plaintiff are barred by the doctrine

10   of unclean hands.

11

**FORTY-FIRST AFFIRMATIVE DEFENSE**

12

(Intervening and Superseding Actions)

13       43.     Plaintiff's damages, if any, were the direct and proximate result of intervening and

14   superseding actions on the part of other persons and entities, and not the actions of Defendant.

15   Defendant further alleges that these intervening and superseding causes bar any recovery against

16   Defendant by Plaintiff.

17

**FORTY-SECOND AFFIRMATIVE DEFENSE**

18

(Comparative Fault)

19       44.     Defendant is informed and believes and thereon alleges that Plaintiff and or their

20   agents were negligent and/or at fault in or about the matter and activities described in the Complaint,

21   and that this negligence or fault contributed to, and/or was the proximate cause of Plaintiff's alleged

22   damages, if any. Defendant further alleges that if it is found to be negligent and that Plaintiff is

23   entitled to recover damages against it, such recoveries should be diminished by the degree of

24   negligence on the part of Plaintiff and/or their agents and proportioned to the degree of negligence

25   or fault attributable to Defendant, if any.

26

**FORTY-THIRD AFFIRMATIVE DEFENSE**

27

(Vehicle Conformed to the Warranty)

28       45.     Defendant is informed and believes and thereon alleges that if it is determined that

- 10 -

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1  the subject vehicle failed to conform at any time with any applicable warranty extended by

2  Defendant. Defendant alleges that the vehicle is now fully in conformity with such warranty.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(Mileage Offset)

46.    Defendant alleges that it intends to take advantage of the reduction authorized by Civil Code section 1793.2, subdivision (d)(2)(C), if Defendant is found in violation of the Song-Beverly Consumer Warranty Act.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(No Material Defects/Workmanship Defects)

47.    Defendant is informed and believes and thereon alleges that the condition of the Subject Vehicle, as described in the Complaint, does not constitute material defects and/or workmanship defects.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

(Alteration)

48.    The vehicle was not defective or in an unmerchantable condition at any time when it left the possession, custody and control of Defendant. Any alleged damage or defect to the subject automobile was caused and created by changes and alterations made to the vehicle, subsequent to the vehicle's manufacture and/or sale by persons other than Defendant or any of its agents, servants, or employees, thereby barring Plaintiff's recovery herein.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

(Prevention of Performance)

49.    Because Plaintiff's actions both prevented and excused Defendant's performance under the Song-Beverly Act and any and all applicable warranties, Plaintiff's claims are barred in whole or in part by the prevention of performance doctrine.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

(Consent)

50.    The repair process to Plaintiff's vehicle was appropriate and proper and is believed to have been done with Plaintiff's consent.

1

**FORTY-NINTH AFFIRMATIVE DEFENSE**

2

(Implied Warranty)

3

51.     Each and every cause of action based upon breach of implied warranty is barred by

4

virtue of Civil Code section 1791.1, subdivision (c).

5

**FIFTIETH AFFIRMATIVE DEFENSE**

6

(Failure to Provide Reasonable Opportunity to Repair)

7

52.     Plaintiff is precluded from any recovery pursuant to the Song-Beverly Consumer

8

Warranty Act as Plaintiff failed and refused to provide a reasonable opportunity to repair.

9

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

10

(Failure to Provide Notice)

11

53.     Defendant is informed and believes, and based thereon alleges, that Plaintiff failed

12

to provide notice to this answering defendant pursuant to Civil Code section 1794, subdivision

13

(e)(3). Plaintiff is therefore barred from asserting the presumptions set forth in Civil Code section

14

1793.22 and from recovering civil penalties pursuant to Civil Code section 1794, subdivision (e).

15

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

16

(Standing)

17

54.     Plaintiff lacks standing to pursue any of the claims herein, thereby barring or limiting

18

Plaintiff's right to recovery or to other remedies against Defendant.

19

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

20

(Additional Affirmative Defenses)

21

55.     Defendant reserves its right to raise and plead additional defenses and/or affirmative

22

defenses which might become known during the course of discovery, as well as to dismiss any

23

defenses which, as a result of discovery, are determined to be unsupported by good faith reliance

24

upon either the facts or the law, or a non-frivolous argument for the extension, modification, or

25

reversal of existing law or the establishment of new law.

26

**PRAYER**

27

WHEREFORE, Defendant prays for the following relief:

28

1.     That Plaintiff takes nothing by reason of Plaintiff's Complaint, and that this action

Case No.: CU24-06730

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    be dismissed in its entirety with prejudice;

2         2.      That judgment be entered in favor of Defendant, on all causes of action;

3         3.      That Defendant recovers its costs of suit incurred herein as well as attorneys' fees to

4    the extent permitted by law; and

5         4.      That Defendant be awarded such other and further relief as the Court may deem just

6    and proper.

7

8    Dated:  October 10, 2024                    **LTL ATTORNEYS LLP**

9
                                      By:*/s/ Jacky P. Wang*
10                                    _____
                                         Sabrina Narain, Esq.
11                                       Jacky P. Wang, Esq.
                                         Alexandra B. Jara, Esq.
12                                       Attorney for Defendant
                                         **FCA US LLC**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA

3

COUNTY OF LOS ANGELES

4

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18,

5

and not a party to the within action. My business address is 300 South Grand Ave., Suite 3950, Los Angeles, CA 90071.

6

   On October 10, 2024, I served the foregoing document(s) described as **DEFENDANT FCA**

7

**US LLC'S ANSWER TO PLAINTIFF RONALD KNARR'S UNVERIFIED COMPLAINT** on the interested parties in this action by sending a true copy thereof to the address listed below.

8

9

☐  **BY MAIL:**  I placed such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it

10

would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on

11

motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

12

☒  **BY ELECTRONIC MAIL:**  I transmitted the above-listed document(s) to the e-mail

13

address(es) set forth below on this date.

14

☐  **BY PERSONAL SERVICE:**  I arranged for Express Network Company to deliver such envelope by hand to the individuals listed below.

15

16

☐  **BY OVERNIGHT COURIER:**  I caused each envelope with fees prepaid shipped by Federal Express.

17

18

   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

19

   Executed on October 10, 2024, at Los Angeles, California.

20

21

           */s/ Blanca Reyes*
           Blanca Reyes

22

23

24

25

26

27

28

- i -          Case No.: CU24-06730

PROOF OF SERVICE

1

**<u>SERVICE LIST</u>**

2

*Ronald Knarr v. FCA US LLC, et al.*

3

Superior Court Case No.: CU24-06730

4

Tionna Carvalho:, Esq.                                    Attorneys for Plaintiff

5

Sanam Vaziri, Esq.                                        **RONALD KNARR**
STRATEGIC LEGAL PRACTICES, Esq.

6

1888 Century Park East, 19th Floor

7

Telephone: (310) 929-4900
Facsimile: (310) 943-3838

8

tcarvalho@slpattorney.com
svaziri@slpattorney.com

9

emailservices@slpattorney.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28